**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CHARLOTTE FRANKLIN,                                   Case No. 1:24-cv-524

     Plaintiff,                                                   Hopkins, J.
                                                                      Bowman, M.J.
     v.

ROXANN H. DIEFFENBACH,

     Defendant.

**REPORT AND RECOMMENDATION**

On September 20, 2024, Plaintiff Charlotte Franklin moved for leave to file a complaint in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). Attached to Plaintiff's motion/application is a copy of the proposed complaint. (Doc. 1-1).

**I. General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. As a result, the complaint is now before the Court for a sua sponte review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d

1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Although a plaintiff's pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-

me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

## II. Analysis of Complaint

Plaintiff has tendered her complaint on a complaint form that is often used by pro se litigants. However, the majority of the four-page form has been left blank. In the caption, Plaintiff identifies her name as "Queen Charlotte Franklin,"[1] and identifies the sole Defendant as "Roxann H. Dieffenbach."[2] Plaintiff has checked a box on the form that asserts that subject matter jurisdiction exists for a civil rights lawsuit under 28 U.S.C. § 1343(3). (Doc 1-1, PageID 5). However, three critical portions of the complaint form, including "Statement of Claim," "Previous lawsuits,"[3] and the "Relief" sections, have been left entirely blank. In addition, Plaintiff has failed to sign or date the complaint form in conformity with Rule 11, Fed. R. Civ. P. (*Id*., PageID 7).

Plaintiff's complaint form fails to contain sufficient factual detail under the basic pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather than issue a deficiency notice, the undersigned recommends dismissal for failure to state a claim, because it does not appear that either Ms. Dieffenbach[4] or any other potential defendant identified in the attached summons forms is a state actor who could be held liable for a

---

[1] In a section asking for the name and address of each party, Plaintiff alternatively identifies her name as "Charlotte L. Franklin-Samuels."

[2] Plaintiff attaches summons forms for five additional individuals who are not listed in her complaint, including an unidentified "doctor" at Beckett Springs Hospital, an unidentified doctor at Clermont County Mercy Hospital, Dr. Warn, Dr. Thor, and Roy Rosevelt Samuels.

[3] An individual named "Charlotte L. Franklin-Samuels" previously filed a pro se complaint that also was dismissed on initial screening. *See Franklin-Samuels v. Soc. Sec. Admin.*, et al., No. 1:22-cv-774-MWM-KLL.

[4] Ms. Dieffenbach is an attorney whose office is located at the address listed in the complaint.

civil rights violation under 42 U.S.C. § 1983. Thus, even if Plaintiff signed her complaint form and included additional factual details, she could not state a civil rights claim against Defendant Dieffenbach as a matter of law. Therefore, the complaint should be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

**III. Conclusion and Recommendation**

For the reasons stated, **IT IS RECOMMENDED THAT** all claims contained in Plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B).


 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CHARLOTTE FRANKLIN,                                 Case No. 1:24-cv-524

    Plaintiff,                                            Hopkins, J.
                                                            Bowman, M.J.
    v.

ROXANN H. DIEFFENBACH,

    Defendant.


**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).