IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **CHARLOTTE FRANKLIN**, | : |
| *Plaintiff*, | : Case No. 1:24-cv-524 |
| v. | : Judge Jeffery P. Hopkins |
| **ROXANN H. DIEFFENBACH**, | : |
| *Defendant*. | : |

**ORDER ADOPTING REPORT AND RECOMMENDATION (DOC. 4) AND OVERRULING OBJECTIONS (DOC. 5)**

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge Bowman on September 26, 2024. Doc. 4. After performing an initial screen of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge recommended that the Court dismiss Plaintiff's Complaint in its entirety for failure to state a claim on which relief may be granted. *Id.* at PageID 42. The Court has thoroughly reviewed Plaintiff's Complaint (Doc. 3), the Report and Recommendation (Doc. 4), and Plaintiff's Objection to the Report and Recommendation (Doc. 5) and has considered *de novo* all the filings in this case. Firmly convinced that Plaintiff has not stated any claim on which relief may be granted, this Court hereby **OVERRULES** Plaintiff's objections and **ADOPTS** the Report and Recommendation in its entirety.

A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). General or unspecific objections are treated the same as a failure to object. *See Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The

filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Plaintiff filed her Complaint on September 26, 2024. Doc. 3. Plaintiff checked a box on the Complaint form that asserts that subject matter jurisdiction exists for a civil rights lawsuit under 28 U.S.C. § 1343(3). Doc. 1-1, PageID 5. However, the Complaint's sections on the "Statement of Claim" and "Relief" are left entirely blank. *Id*. at PageID 36–37. Additionally, Plaintiff failed to sign or date the Complaint in conformity with Fed. R. Civ. P. 11. Magistrate Judge thereafter ordered the dismissal of the case because "Plaintiff's complaint form fails to contain sufficient factual detail under the basic pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)." Doc. 4, PageID 41. Plaintiff does not identify Defendant—or any other potential defendant[1]—as a "state actor who could be held liable for a civil rights violation under 42 U.S.C. § 1983." *Id*. at PageID 41–42. In short, Plaintiff's case is meritless as a matter of law.

To the extent that the Court is able to decipher Plaintiff's objections to the Report and Recommendation, Plaintiff's filing does not vindicate her claim. Plaintiff lodges no specific objections; rather, Plaintiff asserts that Defendant "has had people [try] to kill [her] along with [her] husband, Roy Roosevelt Samuels, who also has [unintelligible] making out to try and take my life…." Doc. 5, PageID 45. While the Court is alarmed by these allegations, these claims are not justiciable under 42 U.S.C. § 1983, which requires a deprivation of rights, privileges, or immunities by a person acting under color of state law. 42 U.S.C. § 1983.

---

[1] Plaintiff attached summons forms for five additional individuals who are not listed in the Complaint, including an unidentified "doctor" at Beckett Springs Hospital, an unidentified doctor at Clermont County Mercy Hospital, Dr. Warn, Dr. Thor, and Roy Roosevelt Samuels. Doc. 1-3.

Plaintiff's objections do not connect Defendant's supposed actions—or Defendant herself—with a state statute, ordinance, regulation, custom, or usage that *caused* her rights to be violated.

Accordingly, it is hereby **ORDERED** that the Complaint be **DISMISSED** with prejudice for failure to state a claim on which relief may be granted. For the reasons stated in the Report and Recommendation and pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would lack an arguable basis in law or in fact and thus would not be taken in good faith. The Court accordingly **DENIES** Plaintiff leave to appeal *in forma pauperis*. In accordance with Fed. R. App. P. 24(a)(5), Plaintiff remains free to file a motion for leave to proceed on appeal *in forma pauperis* in the Sixth Circuit Court of Appeals. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

**IT IS SO ORDERED.**

Dated: November 5, 2024

Hon. Jeffrey P. Hopkins
United States District Judge