UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLOTTE FRANKLIN,

    Plaintiff,

vs.

ROXANN H. DIEFFENBACH,

    Defendant.

Civil Action No. 1:24-cv-00524

Hopkins, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's motion for leave to appeal *in forma pauperis* (doc. 12).

Pursuant to 28 U.S.C. § 1915(a)(3), [a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. *See also* Fed. R. App. P. 24(a). Good faith in this context is demonstrated when the party seeks appellate review of an issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is frivolous where the appeal lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

On November 5, 2024, the Court adopted the Report and Recommendation of the Magistrate Judge recommending that Plaintiff's complaint be dismissed with prejudice for failure to state a claim on which relief may be granted (doc. 7). The Court's Order also certified, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of the order would not be taken in good faith, and denied Plaintiff leave to appeal *in forma pauperis*. *Id*. The undersigned further notes that Plaintiff's Notice of Appeal, filed November 15, 2024 (doc.

1

9), which is the basis of the instant motion, was dismissed by United States Court of Appeals for the Sixth Circuit on January 10, 2025 for want of prosecution for failure to pay the appellant filing fee by the December 19, 2024 deadline (doc. 11). In light of these factors, the undersigned herein **RECOMMENDS** that Plaintiff's motion for leave to appeal *in forma pauperis* (doc. 12) be **DENIED**.

Pursuant to Fed. R. App. P. 24(a)(4), Defendant may file, within thirty (30) days after service of the District Court's Order adopting this Report and Recommendation, a motion with the Sixth Circuit Court of Appeals for leave to proceed as a pauper on appeal. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997). Defendant's motion must include a copy of the affidavit filed in the District Court and this Court's statement as to the reasons for denying pauper status on appeal. *Id*.; see Fed. R. App. P. 24(a)(5).

Defendant is notified that if she does not file a motion within thirty (30) days of receiving notice of the District Court's decision as required by Fed. R. App. P. 24(a)(5) or fails to pay the required filing fee of $455.00 within this same time period, the appeal will be dismissed for want of prosecution. *Callihan*, 178 F.3d at 804. Once dismissed for want of prosecution, the appeal will not be reinstated, even if the filing fee or motion for pauper status is subsequently tendered, unless Defendant can demonstrate that she did not receive notice of the District Court's decision within the time period prescribed for by Fed. R. App. P. 24(a)(5). *Id*.

                                     *s/Stephanie K. Bowman*
                                     Stephanie K. Bowman
                                     United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLOTTE FRANKLIN,

    Plaintiff,

vs.

ROXANN H. DIEFFENBACH,

    Defendant.

Civil Action No. 1:24-cv-00524

Hopkins, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).